UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID L. COOKE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 22-cv-10472-ADB |
| | * | |
| SHERIFF DEPUTY YATES | * | |
| | * | |
| Defendant. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

On March 29, 2022, Plaintiff filed a *pro se* complaint against Sheriff Deputy Yates, an official of Lane County, Oregon. [ECF No. 1]. The case was first assigned to Magistrate Judge Donald L. Cabell, who, upon review of the record, determined that venue was improper in this District and that the case should be litigated in the District of Oregon. [ECF No. 22]. On July 19, 2022, he ordered the action be transferred to the United States District Court for the District of Oregon and that all pending motions be transferred to the District of Oregon for its consideration. [Id. at 1]. He also granted Plaintiff's request to extend the deadline for service, [ECF No. 21], and denied Plaintiff's motion to verify attachments as moot, [ECF No. 11]; [ECF No. 22 at 2]. He gave Plaintiff 15 days to file an objection to the order, in which case, the matter would be reassigned and decided by a District Judge. [ECF No. 22 at 1–2].

On August 1, 2022, Plaintiff filed two memorandums that appeared to raise objections under Federal Rule of Civil Procedure 72(b) to the transfer order. [ECF Nos. 26, 27].

Accordingly, Judge Cabell directed the Clerk to redraw this case to a District Judge for further consideration, which is how it ended up before this Court.  See [ECF No. 28].

Upon receipt of the case, this Court ordered that it would treat the transfer order as a report and recommendation, and gave Plaintiff an additional 14 days to file any objections pursuant to Federal Rule of Civil Procedure 72(b).  [ECF No. 31].  Plaintiff timely filed additional written objections, [ECF No. 35], and also filed a "Motion to Receive filings by mail and receive electronic filings at updated email address[,]" [ECF No 33].

After careful review, the Court finds that Judge Cabell's recommendations are well-founded.  At all times relevant to the complaint, both Plaintiff and Defendant lived in Oregon, all of the harms were alleged to have occurred Oregon, and Plaintiff has seemingly filed related actions in the District of Oregon.[1]  See [ECF Nos. 22, 28].  The fact that Plaintiff has since relocated to Massachusetts is not enough to make this the proper venue for this complaint.  See [ECF No. 35 at 2]; see also Bradley v. York Cnty. Sheriff, No. 22-cv-10189, 2022 WL 1408012, at *2 (D. Mass. May 4, 2022).  "Where the defense of improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed,' the court may, *sua sponte*, dismiss the case."  Fusco v. Woodcock, No. 19-cv-1062, 2020 WL 4228182, at *2 (D.N.H. July 4, 2020), report and recommendation adopted sub nom. Fusco v. US Dist. Ct.-ME, Dist. Judge, No. 19-cv-1062, 2020 WL 4228173 (D.N.H. July 20, 2020).  And where, as here, a plaintiff files a case in a district in which venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); see Optos, Inc. v. Topcon Med. Sys., Inc., 777 F. Supp. 2d 217, 236 (D. Mass. 2011).

---

[1] See 17-cv-00943 and 17-cv-00825.

Here, the District of Oregon appears to be the proper venue for this action.

Accordingly, the Court adopts the reasoning in Magistrate Judge Cabell's July 19, 2022 Order, [ECF No. 22], in its entirety, and orders that:

1. This action is TRANSFERRED to the United States District Court for the District of Oregon.

2. The motion to verify attachments, [ECF No. 11], is DENIED as moot.

3. The motion for an extension of time for service of process, [ECF No. 21], until October 18, 2022 is GRANTED.

4. All other pending motions, [ECF Nos. 2, 12, 18, 24, 33], are to be transferred with the case.

**SO ORDERED.**

August 30, 2022

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE